**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **ALBAN WASTE, LLC,** *et al.*, | * | |
| **Plaintiffs** | * | |
| **v.** | * | **CIVIL NO. JKB-14-406** |
| **CSX TRANSPORTATION, INC.,** *et al.*, | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### I. Background

A collision occurred on May 28, 2013, in Baltimore County, Maryland, between a truck owned by Alban Waste, LLC, and a train owned by CSX Transportation, Inc. ("CSXT"), and operated by Steven B. Tucker. (Compl. ¶¶ 2, 3, 4.) As a result of the collision, multiple train cars derailed, igniting the cargo they were carrying and causing an explosion. (*Id.* ¶ 5.) On June 18, 2013, CSXT filed suit in this Court against Alban Waste, LLC, and John Jacob Alban, Jr., the operator of the truck (the "Albans"), alleging negligence. Civ. No. JKB-13-1770 (D. Md.). After the Albans answered, a scheduling order was entered and the extended discovery deadline in that case is now April 29, 2014. (13-1770, ECF Nos. 13, 63.)

On January 16, 2014, Harford Mutual Insurance Company ("Harford") filed in this Court a statutory interpleader action, based on the commercial automobile policy it issued to the Albans, and named as defendants CSXT and 42 individuals and businesses, or their subrogee insurance companies; the complaint also named Harford's insureds, Alban Waste, LLC, and John Jacob Alban, Jr., as "Defendants/Interested Parties." Civ. No. JKB-14-137 (D. Md.)

(Compl., ECF No. 1). As of April 1, 2014, seven defendants have filed answers, and an additional three have been served.[1] The complaint notes that the various lawsuits and claims total approximately $10 million in damages, which exceeds the $1 million policy limit for liability. (*Id.* ¶¶ 44, 45.) Thus, Harford asks to have the defendants litigate among themselves their respective claims to the policy's proceeds and for the Court to direct the proper distribution thereof. (*Id.* Prayer ¶¶ 1, 3.)[2]

On January 13, 2014, Alban Waste, LLC, and John Jacob Alban, Jr., filed in Maryland state court this suit for declaratory relief against CSXT and Steven B. Tucker, as Defendants, and 42 individuals or insurance companies as so-called Defendants/Interested Parties. Civ. No. JKB-14-406 (Compl., ECF No. 2.) Tucker was served, but as of February 10, 2014, CSXT had not been served; on that date, CSXT and Tucker removed the case to federal court on the basis of diversity jurisdiction. (ECF No. 1.) Several motions are pending in the case. CSXT and Defendant/Interested Party Timothy Koerber have filed motions to dismiss for failure to state a claim, and Koerber has adopted the reasoning set forth in CSXT's motion. (ECF Nos. 8, 14.) The Albans have filed a motion to consolidate this case with Civil Action Number JKB-13-1770 (D. Md.) and to stay 13-1770. (ECF No. 13.) Finally, the Albans have filed a motion for leave to file an amended complaint that seeks to add nine Defendants/Interested Parties. (ECF No. 47.)

_____

[1] Service was also made on the subrogee insurer of named defendant Timothy Koerber, but the subrogee insurer was not named separately in the complaint. Timothy Koerber has filed his own suit alleging negligence by the Albans. Cir. Ct. Baltimore County, No. 03-C-13-011031 MT, filed September 27, 2013, http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=03C13011031&loc=55&detailLoc=CC. A scheduling order was entered in that case on December 23, 2013, and the parties have spent several months in discovery, which does not appear from the case docket to be concluded. *Id.* CSXT and Steven B. Tucker have been impleaded in that case as third-party defendants by the Albans. *Id.*

[2] Harford also asked the Court to restrain the defendants "from instituting or further prosecuting any other proceeding affecting the rights and obligations between and among the parties to this Complaint in the Nature of Interpleader until further order of the Court." (14-137, Compl., Prayer ¶ 2.) The propriety of this requested relief will be addressed in a separate order. Likewise, the propriety of including the Albans as adverse claimants under the liability portion of the Albans' insurance policy will also be addressed elsewhere.

No hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  The motions to dismiss are ripe for disposition.  Because they will be granted, the other motions will be deemed moot.

## II.  *Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

## III.  *Analysis*

As an initial matter, this removed state-court declaratory judgment action is treated as if Plaintiffs had invoked the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013).  Thus, whether the case is properly brought and properly removed is governed by federal law.  *Id.*  Additionally, the Court notes that the question of removability, based on diversity jurisdiction and the doctrine of nominal parties, is intertwined with the propriety of using a declaratory judgment action

against the named defendants. And both of those concerns are implicated in the basic question of whether the complaint fails to state a claim for relief.

CSXT, Tucker, and Koerber are correct in stating that the complaint for declaratory relief does not actually allege a cause of action against them or the other Defendants/Interested Parties. The Albans' complaint states what the allegations are in CSXT's suit against them (Civ. No. JKB-13-1770), what Koerber's allegations are in his suit against them (state court), and what their asserted defenses are to those allegations. At no point do the Albans *allege facts* that permit the Court to infer that either CSXT, Koerber, or Tucker committed a tortious or wrongful act. Further, the Albans do not allege any facts allowing an inference of wrongful conduct by any of the other Defendants/Interested Parties. Repeating what is contended in another suit and what is pled as defenses thereto does not set forth a cause of action that can serve as a basis for declaratory judgment.

The Court concludes that the nondiverse Defendants/Interested Parties, including Koerber, are nominal parties. The Albans seek neither monetary judgment nor any nondeclaratory, injunctive relief against them. *Hartford Fire*, 736 F.3d at 261 (plaintiff could not show that nondiverse party would be affected by outcome of case because plaintiff did not seek either monetary judgment or nondeclaratory, injunctive relief against insured; hence, nondiverse defendant was nominal party). As a result, this case was properly removed on the basis of diversity jurisdiction.

Further, the Albans' request for declaratory judgment is an inappropriate vehicle for the resolution of matters presently pending among the diverse parties. "The Declaratory Judgment Act of 1934 . . . is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v Wycoff Co.*, 344 U.S. 237, 241

(1952); *Ellis v. Louisiana-Pacific Corp.*, 699 F.3d 778, 788 (4th Cir. 2012). And although "this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations," *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937), the circumstances surrounding the instant case militate against allowing a declaratory judgment action to proceed. As the Fourth Circuit's *Aetna* opinion noted, the Court's discretion

> should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief *where needed* . . . .

*Id.* (emphasis added).

A declaratory judgment action is not needed here against either CSXT or Tucker because pending cases provide sufficient fora to hear any claims the Albans may want to make against them. In Koerber's state case, the Albans have filed a third-party complaint against CSXT and Tucker. In addition, the Albans could have filed a counterclaim against CSXT in the latter's federal case against them. Since such a counterclaim was compulsory under Federal Rule of Civil Procedure 13(a)(1)(A), and since the Albans have seemingly waived it by not filing it, the employment of a declaratory judgment action with the apparent purpose of asserting the same claim against CSXT is wholly improper. The obvious result would be unwarranted interference in Koerber's state case as well as CSXT's federal case, both of which are quite far along and should continue unimpeded. Furthermore, the Albans seek effectively to turn the tables and make the logical plaintiffs, most of whom have not yet filed suit, in the occurrence at issue the defendants in the declaratory judgment action. As the Supreme Court noted in the *Wycoff* case, "[T]he realistic position of the parties is reversed. The plaintiff is seeking to establish a defense

against a cause of action which the declaratory defendant may assert in the [state] courts." 344

U.S. at 246. The Seventh Circuit has stated plainly,

> [T]o compel potential personal injury plaintiffs to litigate their claims at a time
> and in a forum chosen by the alleged tort-feasor would be a perversion of the
> Declaratory Judgment Act.

*Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969), *cited in J.B. Hunt Transp.,*

*Inc. v. Innis*, 985 F.2d 553, 1993 WL 13376, at *2 (4th Cir. 1993) (unpublished); *Tucker*

*Materials, Inc. v. SafeSound Acoustics, Inc.*, Civ. No. 12-247-MR-DLH, 2013 WL 4782394, at

*8 (W.D.N.C. Sept. 6, 2013); *Dann Marine Towing, LC v. St. Paul Fire & Marine Ins. Co.*, Civ.

No. 01-2766-18, 2002 WL 34455167, at *2 (D.S.C. Apr. 23, 2002). Moreover, the Albans have

cited no authority to the contrary. The present circumstances do not favor the use of the

Declaratory Judgment Act to resolve the Albans' disputes with CSXT and Tucker.

## IV. *Conclusion*

The Court concludes Plaintiffs have failed to state a claim for relief. To the extent a

claim can be discerned from their complaint, the Court declines to allow this declaratory

judgment action to proceed. The case will be dismissed, and Plaintiffs' motion for leave to

amend will be deemed moot. Likewise, the Albans' motion to consolidate this case with Civil

Action Number JKB-13-1770 and to stay 13-1770 will be deemed moot. A separate order will

follow.


DATED this  1st  day of April, 2014.


BY THE COURT:


_____/s/_____

James K. Bredar
United States District Judge
